HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA RIVERKEEPER,

    Plaintiff,

v.

NORTH PACIFIC PAPER COMPANY, LLC,

    Defendant.

Case No. 3:22-cv-05123-DGE

CONSENT DECREE

## I.    STIPULATIONS.

Defendant North Pacific Paper Company, LLC ("NORPAC") owns and operates an industrial facility at or near 3401 Industrial Way, Longview, Washington 98632 (hereinafter the "Facility"), which is depicted on the figure attached hereto as Exhibit 1.

NORPAC discharges stormwater associated with industrial activity and process wastewater from the Facility under a permit issued by the Washington Department of Ecology ("Ecology") under National Pollutant Discharge Elimination System ("NPDES") Permit No. WA0991016 ("Permit"). Ecology issued Administrative Order No. 18227 on August 7, 2020 ("Ecology Order"), requiring NORPAC to take various actions related to Permit compliance, including, *inter alia*, to prepare certain plans and to submit certain documents to Ecology within provided deadlines.

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter

CONSENT DECREE - 1
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

dated December 21, 2021, and filed a complaint on February 28, 2022, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that NORPAC is in ongoing violation of certain terms and conditions of its Permit and the Ecology Order.

Riverkeeper's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

NORPAC does not admit and expressly denies liability for all of Riverkeeper's claims alleged in the notice of intent to sue letter and complaint.

Solely for the purposes of this Consent Decree, NORPAC and Riverkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action. The Parties agree that this Consent Decree is fair, reasonable, equitable, does not violate the law or public policy, comes within the scope of the pleadings, and furthers the broad objectives upon which Riverkeeper based the complaint. *See Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990).

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Riverkeeper's notice of intent to sue and complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

CONSENT DECREE - 2
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

| | |
|---|---|
| COLUMBIA RIVERKEEPER | NORTH PACIFIC PAPER COMPANY, LLC |
| By: s/ Lauren Goldberg<br>Lauren Goldberg, Legal & Program Director | By: s/ Craig Anneberg<br>Craig Anneberg, CEO |
| KAMPMEIER & KNUTSEN, PLLC | TONKON TORP, LLP |
| By: s/ Brian A. Knutsen<br>Brian A. Knutsen, WSBA No. 38806<br>Attorneys for Riverkeeper | By: s/ Anna Sortun<br>Anna Sortun, WSBA No. 48674<br>Attorneys for NORPAC |

## II.     ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree and any injunctive relief ordered within applies solely to NORPAC's operation and oversight of the Facility, which is subject to the Permit and the Ecology Order.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's notice of intent to sue letter, complaint, and all other claims known or unknown existing as of the date of entry of this Consent Decree, related to violations of the Permit and of the Ecology Order that could be asserted under the CWA against NORPAC, its present and former officers, directors, employees, affiliates, shareholders, representatives,

CONSENT DECREE - 3
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

consultants, contractors, agents, attorneys, predecessors, successors or assigns. These claims are forever released and dismissed with prejudice. Further, Riverkeeper hereby forever releases and covenants not to sue NORPAC or its present and former officers, directors, employees, affiliates, shareholders, representatives, consultants, contractors, agents, attorneys, predecessors, successors and assigns for any violations of the Permit or other claims or causes of action related to discharges of stormwater or other effluent from the Facility that occur during the nine (9) month period commencing on the date the Court enters this Consent Decree.

    5.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations.

    6.      NORPAC agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

        A.      NORPAC shall fully comply with the terms and conditions of the Permit and the Ecology Order, or any successor permit authorizing discharges of stormwater associated with industrial activity and/or of process wastewater from the Facility, for the Effective Period of this Consent Decree as defined in paragraph II.9 of this Consent Decree. Nothing in this sub-paragraph affects NORPAC's ability to request that Ecology modify or terminate Permit coverage for the Facility as permitted under the terms and conditions of the Permit or as otherwise authorized by law. In the event Ecology issues a new or modified permit authorizing discharges of process water or stormwater from the Facility, NORPAC's compliance with the new or modified permit will be governed by that permit or permit modification and NORPAC's obligation to comply with the Permit shall cease.

        B.      NORPAC shall implement each of the following measures within nine (9) months of the Court's entry of this Consent Decree and shall provide written notice to Riverkeeper within thirty (30) days of complete implementation of all such measures:

CONSENT DECREE - 4
No. 3:22-cv-05123-DGE

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

     i. NORPAC shall install improvements designed to reduce turbidity and total suspended solids in stormwater catch basins at the Facility, such as additional particulate screens and/or filtration devices;

     ii. NORPAC shall implement additional stormwater housekeeping best management practices, and revise its stormwater pollution prevention plan to include such additional measures, such as increased frequency of the use of vacuum sweepers; and

     iii. for any exceedance of an effluent benchmark identified in Condition S1.B of the Permit that occurs during the nine (9) months commencing on the Court's entry of this Consent Decree, NORPAC shall investigate the cause, review the stormwater pollution prevention plan for sufficiency, and revise the stormwater pollution prevention plan to include additional stormwater best management practices with the goal of meeting the effluent benchmarks in future discharges.

  C. NORPAC shall make stipulated payments for each exceedance of an effluent benchmark identified in Condition S1.B of the Permit to Seeding Justice for projects benefiting water quality of the Columbia River basin as described in Exhibit 2 to this Consent Decree. This requirement shall apply only to discharges that occur during the two (2) year period that commences nine (9) months after the Court's entry of this Consent Decree. NORPAC shall make a payment of $2,000.00 for each exceedance of a daily maximum (or failure to meet a minimum) effluent benchmark and $4,000.00 for each exceedance of a monthly average maximum effluent benchmark. Such payments shall be made by check payable and mailed within forty-five (45) days of the last day of the calendar month in which the exceedance(s) occurred to Seeding Justice, P.O. 12489, Portland, Oregon 97212, and shall bear the notation "Columbia Riverkeeper v. North Pacific Paper Company, LLC, Clean Water Act Settlement," with a copy provided to Riverkeeper at that same time. Payments may also be made via electronic funds transfer or wire transfer if the Parties agree in writing.  These stipulated payments shall constitute Riverkeeper's sole remedy for any claims or causes of action that it

CONSENT DECREE - 5
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

may have related to any exceedance of an effluent benchmark that is subject to this paragraph II.6.C of the Consent Decree and Riverkeeper otherwise forever releases and covenants not to sue NORPAC or its present and former officers, directors, employees, affiliates, shareholders, representatives, consultants, contractors, agents, attorneys, predecessors, successors and assigns for any such claims or causes of action related to those exceedances of an effluent benchmark.

D.   Upon entry of this Consent Decree by the Court and for a period of thirty-three (33) months NORPAC shall, no later than sixty (60) days following each calendar quarter (commencing with the quarter ended December 31, 2022), send via e-mail to Riverkeeper copies of the following Permit-related documents that NORPAC has transmitted to, or received from, Ecology during the just ended calendar quarter: discharge monitoring reports ("DMRs"), annual reports, engineering reports, and inspection reports. Riverkeeper shall provide NORPAC's counsel the recipient e-mail address for such Permit-related documents no later than fourteen (14) days after entry of this Consent Decree by the Court.

E.   In lieu of a penalty, NORPAC shall make a payment in the amount of $525,000.00 to Seeding Justice for projects that benefit water quality in the Columbia River Basin as described in Exhibit 2 to this Consent Decree. Such payment shall be made by check payable and mailed within seven (7) days of the entry of this Consent Decree by the Court to Seeding Justice, P.O. 12489, Portland, Oregon 97212, and shall bear the notation "Columbia Riverkeeper v. North Pacific Paper Company, LLC, Clean Water Act Settlement," with a copy provided to Riverkeeper at that same time. Payment may also be made via electronic funds transfer or wire transfer if the Parties agree in writing.

F.   Within seven (7) days of entry of this Consent Decree by the Court, NORPAC shall pay Riverkeeper's attorney fees and costs in the amount of $143,000.00 in full and complete satisfaction of any claims Riverkeeper may have under the CWA for attorney fees and litigation costs and expenses. Such payment shall be made via electronic funds transfer or wire transfer to the Oregon IOLTA account maintained by Kampmeier & Knutsen, PLLC.

CONSENT DECREE - 6
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Riverkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in this matter equal or exceed $143,000.00. Counsel for Riverkeeper shall provide counsel for NORPAC the account information necessary for this payment within fourteen (14) days of the Parties' execution of this Proposed Consent Decree.

7. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d).

8. During the Effective Period of the Consent Decree, as defined in paragraph II.9 of this Consent Decree, Riverkeeper shall seek recourse against NORPAC for any alleged violations of the Permit and/or the Ecology Order only through enforcement of this Consent Decree as described in the preceding paragraph, and Riverkeeper otherwise forever releases and covenants not to sue NORPAC or its present and former officers, directors, employees, affiliates, shareholders, representatives, consultants, contractors, agents, attorneys, predecessors, successors and assigns for any such alleged violations.

9. The Effective Period of this Consent Decree is as follows. This agreement shall take effect upon entry of the Consent Decree by the Court. The provisions of this Consent

CONSENT DECREE - 7
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Decree, except for Riverkeeper's releases of claims described in paragraphs II.4, II.6.C and II.8 of this Consent Decree, shall terminate thirty-three (33) months from the Court's entry of this Consent Decree or upon NORPAC's compliance with all of the payment obligations contained in paragraphs II.6.C, II.6.E, and II.6.F of this Consent Decree, whichever occurs last.

10. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; or by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

For Riverkeeper:

Columbia Riverkeeper
c/o Simone Anter
407 Portway Avenue, Suite 301
Hood River, Oregon 97031
simone@columbiariverkeeper.org

Kampmeier & Knutsen, PLLC
c/o Brian Knutsen
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
brian@kampmeierknutsen.com

For NORPAC:

North Pacific Paper Company, LLC
c/o Craig Anneberg
3001 Industrial Way
Longview, Washington 98632
craig.anneberg@norpacpaper.com

Tonkon Torp, LLP
c/o Caroline Harris Crowne
888 S.W. Fifth Avenue, Suite 1600
Portland, Oregon
caroline.harris.crowne@tonkon.com

11. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

12. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

13. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party.

CONSENT DECREE - 8
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

14. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED this 3rd day of October 2022.



David G. Estudillo
United States District Judge

CONSENT DECREE - 9
No. 3:22-cv-05123-DGE

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515